Roberta A. SPELATZ, Plaintiff–
Appellant,

v.

Michael J. ASTRUE, Commissioner,
Social Security Administration,
Defendant–Appellee.

No. 08–35103.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2009.

Filed April 8, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Drew L. Johnson, Drew L. Johnson, P.C., Kathryn Tassinari, Esquire, Kathryn Tassinari, Lawyer, P.C., Eugene, OR, for Plaintiff–Appellant.

Joanne E. Dantonio, Esquire, Michael McGaughran, Esquire, Social Security Administration, Office of the General Counsel, Kathryn A. Miller, Esquire, Office of the General Counsel, Social Security Administration Seattle, Seattle, WA, Britannia I. Hobbs, Assistant U.S. Attorney, Office of the U.S. Attorney, Portland, OR, for Defendant–Appellee.

Before: GRABER, FISHER, and M. SMITH, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM *

Claimant Roberta Spelatz appeals the district court's order affirming the administrative law judge's ("ALJ") finding that Claimant is not disabled within the meaning of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and review de novo the district court's decision affirming an ALJ's denial of benefits. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005). A decision to deny benefits will be disturbed only if it is not supported by substantial evidence or if it rests on legal error. *Id.*

1. Claimant first argues that the ALJ erred in failing to conclude that her depression and personality disorder were "severe" impairments within the meaning of the Social Security Act. A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

In his first opinion dated June 15, 2004, the ALJ found that Claimant's situational depression was a "severe" impairment but concluded that neither her depression nor her other ailments prevented her from performing her past relevant work. Claimant sought review by the Appeals Council, which remanded the case because the ALJ's first decision did not adequately address how Claimant's "mild restrictions of activities of daily living, moderate difficulties in maintaining social functioning and no difficulties in maintaining concentration, persistence, or pace" affected the ALJ's residual functional capacity finding.

On remand, the ALJ attributed his failure to account for those restrictions to a "technical writing error." The ALJ also changed his original finding that Claimant's depression was "severe" under

§ 404.1520(c). He noted that two non-examining consultative psychologists had found Claimant's mental impairments to cause "no more than mild limitations." The ALJ found that the non-examining psychologists' conclusion was "consistent with a review of the evidence ... including the observations and examination by a consultative psychologist."

The reports of non-examining consultative physicians may serve as substantial evidence if they are supported by other evidence in the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir.2001). Here, the record does not support the non-examining psychologists' conclusions. Both Dr. Beickel, the examining psychologist, and Gail Richards, Claimant's therapist, reported that Claimant suffers from severe depression. Moreover, the ALJ failed to explain adequately why he altered his original conclusion that Claimant's depression was a severe impairment; the change was not a "technical writing error" but was, instead, substantive. We therefore reverse and remand to the ALJ for reconsideration.

■ 2. Claimant next argues that the ALJ erred in finding Claimant not entirely credible. In deciding whether to accept a claimant's testimony concerning subjective symptoms, an ALJ must perform two stages of analysis: the *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir.1986) (per curiam), threshold test, and then an "analysis of the credibility of the claimant's testimony regarding the severity of her symptoms," *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.1996). Under the *Cotton* threshold test, "a claimant who alleges disability based on subjective symptoms must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Smolen*, 80 F.3d at 1281 (internal quotation marks omitted).

"If the claimant produces evidence to meet the *Cotton* test and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.*

■ Here, the ALJ failed to perform the *Cotton* analysis. Additionally, the ALJ's assessment may be affected by his reconsideration of the issue of Claimant's depression. Therefore, we also reverse and remand this aspect of the ALJ's second decision.

■ 3. Claimant's final argument is that the ALJ failed to give sufficient reasons for discounting her treating physician's opinion. An ALJ must give clear and convincing reasons, supported by substantial evidence, to reject an uncontradicted opinion from a treating or examining doctor. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir.2005). But if the treating doctor's opinion is contradicted by another doctor's opinion, an ALJ may reject it by providing only specific and legitimate reasons that are supported by substantial evidence. *Id.*

Here, Dr. Schepergerdes' opinion was contradicted by the opinion of Dr. Keiper, Claimant's neurologist. Although Dr. Schepergerdes' report took into account Claimant's other conditions, such as fibromyalgia, migraine headaches, insomnia, and chronic fatigue, his April 23, 2004, letter to the ALJ conveyed that it was Claimant's *lower back problems* that kept her from being able to pursue employment: "If it were not for her low back and coccyx, she would most likely best fit a sedentary job profile." Claimant's lower back problems were addressed by Dr. Keiper's 2002 evaluation; he found that her lumbar spine MRI was normal and that her lower back problems did not need any treatment beyond physical therapy.

Dr. Keiper even stated that he did not view Claimant as "disabled" for Social Security purposes "based on the findings of her MRI and physical exam." Therefore, the two opinions plainly conflict, and the ALJ needed to provide only specific and legitimate reasons, supported by substantial evidence, to reject Dr. Schepergerdes' opinion.

■ The ALJ provided specific and legitimate reasons. He relied primarily on the conflict with Dr. Keiper's findings, noting that Claimant's lumbar spine findings were mild to moderate and had remained unchanged for many years, despite Dr. Schepergerdes' assessment that lower back problems would prevent Claimant from working. Although the ALJ mistakenly stated that he could not locate any progress notes that mention coccyx pain, the error was harmless because the only progress note that mentions coccyx pain appears in reference to Claimant's fall from a horse as a child and a subsequent fall twenty-four years before the checkup resulting in the progress note. The ALJ also rejected Dr. Schepergerdes' medical opinion because his letter was generalized and rejected his vocational opinion because Dr. Schepergerdes is not a vocational expert. Those reasons, considered together, were sufficient to reject the treating physician's opinion.

REVERSED AND REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.